**1388**  CITY OF DETROIT vs. BOARD OF AUDITORS (Wayne),
     No. 15330.

To compel payment over to relator of certain fines and costs, collected in the Police Court for violation of the city ordinances.

The circuit judge granted the writ as to the costs.  Affirmed March 3, 1896, with costs.

A written opinion was filed by the circuit judge which is as follows:

Lillibridge, Circuit Judge.  This is an application for a writ of mandamus to compel the respondents to pay to the City of Detroit the sum of four thousand, four hundred and sixteen dollars ($4,416) for fines, and nine thousand, five hundred and forty-five and 51-100 dollars ($9,545.51) for costs collected in the Police Court of the City of Detroit for violation of the city ordinances since July 5th, 1892.

The law requires the clerk of the Police Court to pay to the county treasurer all fines and costs collected in said court for violation of the general state laws, and also to pay to the city treasurer of Detroit all fines and costs collected for violation of the city ordinances.

The statute (Howell's, Sec. 5146) · also provides that the county treasurer, on or before the first day of June in each year, shall apportion and distribute the amount of the fines so received by him among the several townships of the county for the support and maintenance of free public libraries.  The statute makes no provision for the distribution of the costs received by the county treasurer; but they are permitted to be used for the general expense of the county.

Acting under the law, above referred to, the clerk of the Police Court of Detroit has, from day to day since July 5th, 1892, paid to the county treasurer of this county various sums of money, as the proceeds of fines and costs, to which the said county treasurer was entitled under the law above referred to, and the said county treasurer, acting in pursuance of the statute above referred to, has each year, before the 1st of June, apportioned and distributed the amount of all said fines among the various townships for the support and maintenance of free public libraries.

Now, however, it is discovered that the clerk of the Police Court

has all the time paid to the county treasurer not only the fines and costs collected for violation of the general state laws; but along with them has also paid the fines and costs received for violation of the city ordinances, to which the city treasurer was of right entitled, and that the county treasurer has apportioned and distributed all of the fines so received among the various townships and libraries, and has none of it on hand at the present time.

In other words, by a mistake the clerk of the Police Court has paid to the county treasurer, since July, 1892, as moneys to which he was entitled under the law referred to, fines and costs collected for violation of city ordinances, which should have been paid to the city treasurer, and the county treasurer has distributed it, and the question is whether the respondent can now be required to repay the amount so received to the city treasurer.

It is not claimed that the county treasurer has any knowledge, or information, that any portion of the funds so received were collected for violation of city ordinances; but on the contrary he received them in perfect good faith and distributed them as, by law, he was required to do.

The general rule is that money paid under a mistake of material facts may be recovered back, although there was negligence on the part of the person making the payment; but this rule is subject to the qualification, that the payment cannot be recalled when the situation of the party receiving the money has been changed in consequence of the payment; and it would be inequitable to allow a recovery. The person making the payment must in that case bear the loss occasioned by his own negligence. Walker vs. Conant, 65 M., 194; Walker vs. Conant, 69 M., 321; Mayer vs. Mayer, etc., 63 N. Y., 457; Union Bank vs. Sixth Nat'l Bank, 43 N. Y., 453.

The mere fact that the person receiving the money has paid it out or used it, when he received a benefit from it does not excuse a re-payment. Byles vs. Golden Township, 52 M., 614; Decatur vs. Township Board of Decatur, 33 M., 335.

But if the position of the person receiving the money has been changed, without fault on his part, either as to a part or the whole of the fund, so that it would be inequitable to allow a recovery, in that case re-payment will not be required. Byles vs. Golden Township, 52 M., 614.

Applying these rules to this case, if the respondent still had these moneys on hand, or even having paid them out had it received some benefit from them, as by paying general expenses of the county or for any other purpose from which the county received benefit, then undoubt-edly the relator would be entitled to recover; but the fact is undisputed as to the fines they have all been apportioned and distributed as the law directs and the respondent has received no benefit from them. They were, in no sense, funds belonging to the County of Wayne and the county treasurer had no interest in them. He was, under the law, a

mere channel or conduit for receiving the fines and distributing them without retaining one dollar. It was a mere naked trust to receive the moneys and distribute them.

It is impossible that the respondent could recover back the various amounts from the several townships and school districts which have received and expended them. It is clear, therefore, that as to the fines, considered apart from the costs, the situation of the respondent has been materially and essentially changed in consequence of the payment, and without fault on his part, and if it be now compelled to repay the amount it will be without redress.

It is a rule of equity and common sense that when one or two persons must bear a loss he, through whose fault or negligence the loss occurred, must suffer the loss, in the absence of fault or neglect on the part of the other person.

It was contended by counsel for relator that the act of the clerk in paying the money to the county treasurer was unauthorized and illegal and that the relator cannot be bound by the unauthorized and illegal act of one of its officers. Whether this be true or not as an abstract principle of estoppel I do not think the rule applies to this case.

It is, nevertheless, time that the municipality, like any other litigant, must pursue its remedy subject to any equities which may have arisen in behalf of the respondent subsequent to the payment of the money and before the commencement of its suit to recover and where, as in this case, before the beginning of its action to recover, the situation of the respondent has been changed, without fault on its part, by the distribution of the fund, it is only the application of familiar principles of equity to hold the relator not entitled to recover.

Any other rule would make the county treasurer a guarantor for the correctness of the acts of all subordinate officials who pay money to him, and that without limit as to time. It would never be safe for him to divide or distribute funds as required by law lest he should at some time thereafter be called upon to re-pay on account of a mistake of some subordinate official.

As to the costs received, amounting to nine thousand, five hundred and forty-five dollars and fifty-one cents ($9,545.51), the case stands differently. The statute makes no provision for the distribution of the amount received from costs; but allows it to remain in the possession of the county treasurer to be used for the general purposes of the county. The county treasurer, therefore, has this $9,545.51 on hand, or he has used it for the general expenses of the county. If it has been paid out it has been used in payment of general expenses for which other moneys would have been paid had these costs not been received. The respondent has had the benefit of it, whereas as to the amount of the fines, as above shown, the respondent has received no benefit whatever.

As to the costs, therefore, the case comes clearly within the rules above quoted. The respondent's position has not been changed to its

disadvantage by the payment of the money and it is right and equitable that it should be required to re-pay.

The writ will, therefore, be granted directing the respondent to re-pay $9,545.51, received for costs.